UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN P OSBURN,

        Petitioner,

v.

        Case No. 16-cv-0356-bhl

WARDEN MICHAEL MEISNER,[1]

        Respondent.

## ORDER DENYING §2254 PETITION

On June 3, 2011, Petitioner Steven Osburn pled guilty to second-degree intentional homicide and pointing a firearm at another. (ECF No. 10-19 at 1-2.) On August 24, 2011, he was sentenced to 28 years' imprisonment followed by 20 years of extended supervision. (ECF No. 10-20 at 86.) The Wisconsin Court of Appeals affirmed Osburn's conviction on direct appeal in October 2014, and the Wisconsin Supreme Court denied Osburn's petition for review in February 2015. (ECF Nos. 10-5 & 10-8.) Just over a year later, on March 23, 2016, Osburn filed a habeas petition in this Court. (ECF No. 1.) In it, he argues that he is entitled to postconviction relief because his guilty plea was not knowing, intelligent, and voluntary[2] and because his trial attorneys provided him with ineffective assistance. (ECF No. 1-1 at 1, 3.) Both claims were properly exhausted in state court prior to the filing of the federal habeas petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

On May 4, 2018, the fully briefed petition was referred to Magistrate Judge William E. Duffin for a report and recommendation. (ECF No. 22.) On October 9, 2018, Judge Duffin filed his report, recommending that the Court deny Osburn's petition and withhold a certificate of appealability. (ECF No. 23.) On October 29, 2018, Osburn timely filed objections to Judge

---

[1] The petitioner is currently housed in the Fox Lake Correctional Institution. https://appsdoc.wi.gov/lop/detail.do. Because Rule 2 of the Rules Governing Section 2254 Cases in United States District Courts requires the petition to name as the respondent the state officer who has custody of the petitioner, the Court has substituted the name of the current warden of the Fox Lake Correctional Institution. The Clerk is directed to change the caption of this case accordingly.

[2] Osburn conceded this claim in his opening brief. (ECF No. 15 at 10 n.3.)

Duffin's report and recommendation. (ECF No. 27.) Finding no clear error, the Court will adopt those portions of Judge Duffin's report and recommendation that went unchallenged. And even after de novo review of the report's challenged sections, the Court will deny habeas relief and a certificate of appealability.

**ANALYSIS**

A district court judge reviews, de novo, any part of a magistrate judge's disposition to which a petitioner properly objects. *See* Fed. R. Civ. P. 72(b)(3). Where no objection is raised, the magistrate's report is reviewed only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

In this case, Osburn raises two objections to Judge Duffin's report and recommendation. First, he argues that Judge Duffin improperly found that he was not prejudiced by his counsel's deficient performance. (ECF No. 27 at 3-7.) Second, he argues that Judge Duffin improperly recommended against a certificate of appealability. (*Id.* at 7-8.) After reviewing the record, including the Wisconsin Court of Appeals' decision, the Court agrees with Judge Duffin's ultimate conclusions, notwithstanding Osburn's objections. Applying the deferential standard federal habeas law requires, the Court must deny his habeas petition and will not issue a certificate of appealability.

**I.    Osburn Was Not Prejudiced by Counsel's Deficient Performance.[3]**

Osburn claims that he is entitled to habeas relief because "he would not have entered his [guilty] plea but for his counsel's unquestionably incorrect legal advice[.]" (ECF No. 1-1 at 3.) He unsuccessfully made this same argument before the Wisconsin Court of Appeals on direct appeal. (ECF No. 10-5.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant habeas relief only if the prior state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Miller v. Smith*, 765 F.3d 754,

---

[3] Predictably, Osburn did not object to Judge Duffin's determination that his counsel's performance was deficient. (*See* ECF No. 23 at 13); *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (requiring a defendant to show both deficient performance of counsel and prejudice to state an ineffective assistance of counsel claim). Therefore, only the prejudice prong of the *Strickland* standard is before this Court for de novo review.

760 (7th Cir. 2014) (quoting 28 U.S.C. §2254(d)(1), (2)). However, "[w]here the state court's decision is 'contrary to' federal law, that decision is not entitled to the usual AEDPA deference and is therefore reviewed *de novo* with the reviewing court applying the correct legal standard." *Mosley v. Atchison*, 689 F.3d 838, 844 (7th Cir. 2012). A federal habeas court reviews "the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citation omitted). In this case, that was the Wisconsin Court of Appeals. (ECF No. 10-5.) Accordingly, this Court must review that court's decision, applying AEDPA deference, unless the decision was contrary to federal law.

Osburn's principal argument is that the Wisconsin Court of Appeals applied the wrong standard of review, and, as a result, he is entitled to de novo review before this Court. He does not deny that the Wisconsin Court of Appeals recited the correct standard under *Strickland*. (ECF No. 15 at 27.) Indeed, the court accurately stated that "[i]n order to satisfy the prejudice prong of the *Strickland* test, the defendant seeking to withdraw his or her plea must allege facts to show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" (ECF No. 10-5 at 12 (quoting *State v. Bentley*, 548 N.W.2d 50, 54 (Wis. 1996)). Osburn's contention is that the court of appeals did not apply that "reasonable probability" standard (or did so unreasonably). (ECF No. 21 at 6-9.)

It might be helpful to slice through the layers of review and articulate just what the standards actually are and how they apply to this case. The "reasonable probability" standard governs the ultimate determination of whether counsel's assistance was ineffective. *See Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018). A state court of appeals reviews a lower court's determination of this question de novo. *State v. Carter*, 782 N.W.2d 695, 703 (Wis. 2010). On the other hand, a state court of appeals should uphold a lower court's findings of fact "unless they are clearly erroneous." *Id.* The same is true for a lower court's "articulated assessments of credibility and demeanor[.]" *Id.* This Court affords AEDPA deference to a state court of appeals' decision unless that decision was rendered contrary to federal law. *See Mosley*, 689 F.3d at 844.

Osburn argues that the Wisconsin Court of Appeals applied the "clearly erroneous" standard to the circuit court's finding on the ultimate determination of ineffectiveness, contrary to federal law, and its decision is, therefore, not entitled to AEDPA deference in this Court. Osborn is wrong.

The Wisconsin Court of Appeals analyzed his case appropriately. The record confirms that it applied the "clearly erroneous" standard to the circuit court's findings of fact. The decision even emphasizes that Osburn did not "explicitly argue that the trial court's findings of fact are clearly erroneous, choosing instead to imply that the findings may be inaccurate." (ECF No. 10-5 at 13.) This demonstrates the court of appeals' intention to show proper deference on factual questions. The same goes for credibility determinations. The court of appeals appropriately adopted the circuit court's conclusion "'that Osburn's real motivation for withdrawing his pleas was his disappointment in his sentence, not his attorney's advice.'" (ECF No. 10-5 at 12 (quoting ECF No. 10-22 at 9).)[4] To upset these findings, Osburn needed to show clear error, and he did not. (*Id.* at 14.) Therefore, the court of appeals accepted the circuit court's factual findings (as required) and reached, de novo, the legal conclusion they necessarily entailed—that Osburn was not prejudiced and therefore not entitled to relief. (*Id.*) None of this was contrary to federal law. The Wisconsin Court of Appeals' decision is thus entitled to AEDPA deference. Under that standard, Osburn is not entitled to relief because nothing in the record reflects a misapplication of the law, let alone an unreasonable one.

The Magistrate Judge reached the same conclusion, albeit by a different route. Regardless, his conclusion was correct and Osburn's objection to that conclusion is overruled.

## II. A Certificate of Appealability Should Not Issue.

Under 28 U.S.C. §2253(c)(2), a district court may only issue a certificate of appealability if the "applicant has made a substantial showing of the denial of a constitutional right." To do this, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That means, at this stage, the question is whether the Court's "application of AEDPA deference . . . to petitioner's [ineffective assistance of counsel] claim [is] debatable amongst jurists of reason." *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003). It is not. Unlike the reviewing courts in *Miller-El*, this Court required the petitioner to show that the state court decision was objectively unreasonable, not objectively unreasonable by clear and convincing evidence. *See id.* at 341-42. Osburn failed to adduce any clear and convincing evidence to upset

---

[4] The court of appeals found further support for this fact in the circuit court's determination that Osburn did not seek to withdraw his plea prior to sentencing despite having access to the presentence report that contained the information he supposedly would have gone to trial to exclude. (ECF No. 10-5 at 14.) As with the circuit court's other findings of fact, Osburn did not demonstrate that this finding was clearly erroneous.

the court of appeals' *factual findings* and, as a result, he was unable to demonstrate that the court of appeals' decision was objectively unreasonable. No jurist of reason could disagree with the Court's application of AEDPA deference, so no certificate will issue.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the unchallenged portions of Magistrate Judge Duffin's Report and Recommendation (ECF No. 23) are adopted.

**IT IS FURTHER ORDERED** that petitioner's §2254 motion for relief (ECF No. 1) is **DENIED**, and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**.

Dated at Milwaukee, Wisconsin on March 29, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge